IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL C. SMART,

    Plaintiff,

vs.                                                             No. CIV-06-0254 JB/LCS/WPL

DEPARTMENT OF THE AIR FORCE

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendant's Motion to Dismiss and Memorandum in Support, filed July 11, 2006 (Doc. 9)("Motion to Dismiss").  The primary issue is whether the Court should dismiss the action for lack of subject-matter jurisdiction, improper service of process, failure to respond to the present motion, and failure to state a claim as a matter of law.  Because the Court believes that the Plaintiff Michael C. Smart has failed to establish a waiver of the government's sovereign immunity, that Smart may only appeal the Merit Systems Protection Board's ruling to the Court of Appeals for the Federal Circuit, and that Smart must appeal the decision of the New Mexico Department of Labor to an appropriate state district court, the Court finds that is does not have subject-matter jurisdiction over the case and will grant the Defendant's motion to dismiss.

**FACTUAL BACKGROUND**

    Smart, proceeding pro se, was employed as a level GS-5 Police Officer at Kirtland Air Force Base, New Mexico.  See Motion to Dismiss at 3.  Defendant Department of the Air Force terminated Smart with one month remaining in his one-year probationary period.  See Complaint ¶ 8, at 3, filed March 30, 2006 (Doc. 1).  Smart alleges that his termination was in retaliation for his having engaged

in "whistleblowing" activity rather than for misconduct as the Air Force maintains. Motion to Dismiss at 3; Complaint ¶¶ 6-8, at 3. Smart contends that the Air Force retaliated against him because he filed a grievance concerning the use of standardized evaluation tests that he asserted violated federal regulations; Smart asserted that the tests were not professionally developed and discriminated based on race, color, and other non-meritorious factors. See Complaint ¶ 6, at 3.

Smart appealed his termination and filed a whistleblower claim with the Merit Systems Protection Board ("MSPB"). See Motion to Dismiss at 3. Smart subsequently withdrew the termination appeal, continuing forward solely on the whistleblower claim. See id. The MSPB dismissed the whistleblower claim on jurisdictional grounds, stating that Smart's allegation that his disclosure was protected under the Whistleblower Protection Act was frivolous. See id. The MSPB then issued a final order dismissing Smart's petition and instructing him to file any appeal of the decision with the United States Court of Appeals for the Federal Circuit. See id. at 3-4.

Concurrent with his MSPB action, Smart sought unemployment benefits from the New Mexico Department of Labor ("NMDOL"). See id. at 4. Initially, the NMDOL granted Smart benefits. See id. After the Air Force appealed, however, the NMDOL reversed its decision and denied Smart unemployment benefits. See id. Smart then appealed the NMDOL's denial of benefits. See id. The NMDOL affirmed the denial and directed Smart to file any appeal with the appropriate state district court in New Mexico. See id.

Smart, next, using a pre-printed complaint form entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," filed suit against the Department of the Air Force seeking "unemployment benefits" in this Court. See Complaint Caption, ¶ 13, at 1, 5. Smart alleges that this Court has jurisdiction under 5 U.S.C. § 1221(e)(1), 5 U.S.C. § 2302(b)(8), and 42 U.S.C. § 1983. See id. ¶ 4,

at 2.

## PROCEDURAL BACKGROUND

The Air Force, through Michael Wynne, Secretary of the Air Force, seeks to have the Court dismiss all claims against it in this action, pursuant to rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure. See Motion to Dismiss at 1. The Air Force contacted Smart via letter regarding its intent to file this motion to dismiss and seeking his consent with respect to such. See id. at 1. Smart did not reply to that letter or file a response to the Defendant's motion. See id. at 1; Notice of Completion of Briefing, filed July, 11, 2006, at 1 (Doc. 15).

## LAW REGARDING JURISDICTION

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994). Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. Proc. 12(b)(1). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Whenever it appears that the court lacks jurisdiction over the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's

face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir.1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).

## ANALYSIS

While the Air Force asks the Court to, among other things, dismiss Smart's claim on the merits, the Court need not and should not go that far in its analysis. The Court will limit its analysis to the issue of subject-matter jurisdiction. The Court does not have jurisdiction over this matter for three reasons. First, Smart has failed to establish a waiver of the government's sovereign immunity. Second, Smart may only appeal the MSPB's decision to the Federal Circuit. Finally, Smart must appeal the NMDOL's ruling to an appropriate state district court.

### I.    SMART HAS CONSENTED TO THE AIR FORCE'S MOTION TO DISMISS

Local Rule 7.1(b) provides: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Local Rule 7.6(a) states: "A response must be served within fourteen (14) calender days after service of the motion." D.N.M.LR-Civ. 7.6(a). By not filing a timely response or any response, Smart has consented to the Court's granting of this motion. Because, however, Smart is proceeding pro se, the Court has reviewed the merits of the Air Force's motion before granting it.

## II.  SMART HAS NOT ESTABLISHED A WAIVER OF THE GOVERNMENT'S SOVEREIGN IMMUNITY.

Smart alleges that 5 U.S.C. § 1221(e)(1), 5 U.S.C. § 2302(b)(8), and 42 U.S.C. § 1983, give this Court subject-matter jurisdiction to hear his case.  None of those statutes, however, waives the government's sovereign immunity under the current circumstances.  Section 1221, which addresses an individual's right of action in reprisal cases, directs appeals to be filed pursuant to 5 U.S.C. § 7703(b), which, in turn, directs individuals to appeal MSPB decisions to the Federal Circuit.  Section 2302 concerns prohibited personnel practices resulting from protected disclosures and does not waive sovereign immunity.  Section 1983, which involves the deprivation of constitutional rights stemming from conduct arising under color of state law, does not pertain to federal actors.  See Dry v. United States, 235 F.3d 1249, 1255 (10th Cir. 2000)(affirming dismissal of section 1983 claims against federal defendants and noting that section 1983 is applicable only to actions by state and local entities, and not by the federal government).

Accordingly, sovereign immunity prevents the Court from establishing subject-matter jurisdiction in this case and bars Smart from bringing his claim.  See United States v. Mitchell, 463 U.S. 206, 212 (1983)(asserting that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for [subject-matter] jurisdiction."); United States v. Murdock Mach. & Eng'g Co. of Utah, 81 F.3d 922, 930 (10th Cir. 1996)(holding that "if the government has not consented to suit, the courts have no [subject-matter] jurisdiction.")

## III.  SMART MAY ONLY APPEAL THE MSPB DECISION TO THE FEDERAL CIRCUIT COURT OF APPEALS.

To the extent that it can be inferred from Smart's Complaint that, in seeking unemployment benefits, he is appealing the MSPB's ruling, such is barred from being heard in this Court.  Review

of MSPB determinations involving "mixed cases," claims for unlawful discrimination related to or stemming from employment actions, are conducted solely in federal district court. See Wall v. United States, 871 F.2d 1540, 1542 (1989). In this case, however, Smart makes no allegations of discrimination and, therefore, the Court does not have jurisdiction to hear his case. See id.; Long v. Dep't of the Air Force, 751 F.2d 339, 342 n.2 (10th Cir. 1984)(stating that the "[Federal Courts Improvement Act of 1982] vested exclusive jurisdiction in the United States Court of Appeals for the Federal Circuit for appeals from the Merit Systems Protection Board."). As such, pursuant to 5 U.S.C. § 7703(b), any appeal of the MSPB decision that Smart may wish to make must be filed before the Federal Circuit. See Wall v. United States, 871 F.2d at 1542.

**IV.  SMART MUST PURSUE ANY APPEAL OF THE NMDOL DECISION IN NEW MEXICO STATE COURT.**

In so far as it can be inferred from Smart's Complaint that his seeking of unemployment benefits is, in effect, an appeal of the NMDOL's determination, such is appropriately addressed in state district court and not in this Court. New Mexico Stat. Ann. § 51-1-8 and New Mexico Rule 1-077 govern appeals from the decisions of the NMDOL. Pursuant to that appeals regime, persons wishing to appeal the NMDOL's rulings must do so in state district court. Subject-matter jurisdiction for hearing such appeals is assigned to the state district courts and not to this Court. See Wilder v. Okla. Dep't of Human Servs., No. 97-5175, 149 F.3d 1192, WL 255048, 2 (10th 1998)(stating that "[f]ederal courts do not have jurisdiction to review administrative decisions of state agencies.").

Pursuant to rule 12(b)(1), and based on the foregoing analysis of sovereign immunity, MSPB appeals, and NMDOL appeals, Smart's complaint is subject to dismissal for lack of subject-matter jurisdiction.

**IT IS ORDERED** that the Defendant's motion to dismiss is granted.  The Court will dismiss the Plaintiff's action.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Michael C. Smart
El Paso, Texas

    *Pro Se Plaintiff*

David C. Iglesias
  United States Attorney
Cynthia L. Weisman
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Defendant Department of the Air Force*